## VAROUKAS v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3490.   Decided July 21, 1920.   (191 Pac. 1091.)

1. MASTER AND SERVANT—INDUSTRIAL COMMISSION MAY ADOPT REASONABLE RULES CONFORMING TO COMPENSATION ACT. The Industrial Comission has power to promulgate rules and regulations to protect the injured employé, the employer, and insurance carrier, and to safeguard the state insurance fund, provided such rules are reasonable and conform to the spirit of the Workmen's Compensation Act.

2. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S RULE HELD UNREASONABLE AND CONTRARY TO COMPENSATION ACT. Industrial Commission's rule No. 19, requiring injured employé to procure the commission's consent to leaving the locality of employment, and providing for forfeiture of full compensation accruing after employé has left locality without such consent, without any hearing and regardless of whether absence in any way affected his disability, is unreasonable, the commission having no right to forfeit any part of the compensation allowed by Workmen's Compensation Act, except after notice and hearing and for goód cause.

3. MASTER AND SERVANT—COMPENSATION CLAIMANT VIOLATING COMMISSION'S RULE HAS BURDEN OF PROOF. Injured employé entitled to compensation under Workmen's Compensation Act, who has left locality of employment without Industrial Commission's consent, in violation of its rules, has burden of showing that he had good cause for failure to procure consent, and that absence has not prejudiced employer or insur-

ance carrier or state insurance fund, and did not prolong period of disability.

4.  MASTER AND SERVANT—COMPENSATION TO EMPLOYÉ VIOLATING RULES OR DISOBEYING PHYSICIANS ORDERS LIMITED TO DISABILITY ORDINARILY RESULTING FROM INJURY.  Where employé violates a rule of Industrial Commission or disobeys the orders of the attending physician, or otherwise arbitrarily refuses to co-operate with those in attendance upon him, the award of compensation under Workmen's Compensation Act should cover only such a period of incapacity or disability as would usually and ordinarily result from the character of the injury received by the employé.

5.  MASTER AND SERVANT—COMPENSATION CLAIMANT MUST TAKE NOTICE OF INDUSTRIAL COMMISSION'S RULES.  Injured employé, on making application to Industrial Commission for compensation under Workmen's Compensation Act, is bound to take notice of the rules and regulations of the commission affecting the application.

Proceedings under Workmen's Compensation Act by Louis Varoukas for compensation for injuries, opposed by the Standard Coal Company, employer.  Award by Industrial Commission of Utah for claimant, and on denial of his application for additional compensation, he presents the record to the Supreme Court for review.

DECISION OF COMMISSION ANNULLED, and cause remanded, with directions.

*Stewart, Alexander & Cannon,* of Price, for plaintiff.

*Dan B. Shields,* Atty. Gen., *James H. Wolfe,* Asst. Atty. Gen., and *A. R. Barnes,* of Salt Lake City, for defendants.

FRICK, J.

Plaintiff, in due time and in due form, made application to the Industrial Commission of Utah, hereinafter styled commission, for compensation under our statute for a disability caused by injuries which he sustained in the course

of his employment while in the employment of the Standard Coal Company of Utah. The commission, after a hearing, awarded plaintiff "compensation for the disability period, January 10, 1919, to February 20, 1919, less the ten days waiting period," amounting to fifty-four dollars and eighty-one cents. The plaintiff was dissatisfied with the award of the commission, for the reason, as he contends, that the disability period fixed by the commission was for a shorter time than the disability continued, and he asked for a rehearing. In the petition for a rehearing he asked for additional compensation, which additional compensation, however, was denied for the reasons hereinafter appearing. The majority of the commission on the first hearing, after reciting the facts, closed its decision as follows:

"From the evidence, therefore, the commission finds that the applicant met with an accident and sustained injuries arising out of and in the course of his employment, and that there followed a total disability period from January 10, 1919, to February 20, 1919, for which compensation should be allowed. The commission finds that the disability period extended beyond the twentieth of February, 1919, but that compensation may not be allowed for this period on account of the violation of rule 19. The commission feels that this is a reasonable rule which must be respected. In this case the evidence shows that the defendant furnished, and was willing to furnish, all necessary medical attention, and it is conceded that where the defendant is willing to do this it should have the right to so do, and this right should not be interfered with by the employé without reason and without notification to any one taking his departure from the locality.

"Wherefore it is ordered, adjudged, and decreed that the applicant be, and he is hereby, awarded compensation for the disability period, January 10, 1919, to February 20, 1919, less the ten days' waiting period, or 31 days, or fifty-four dollars and eighty-one cents."

In denying the application for additional compensation the commission merely adhered to the reasons originally given, and the plaintiff presents the record to this court for review.

Rule 19 which is referred to in the decision of the commission, and pursuant to which it refused to allow plaintiff additional compensation, reads as follows:

Certiorari.　Decision Annulled

"An injured employé who desires to leave the locality in which he or she has been employed during the treatment of his or her injury or desires to leave the state, shall report to his or her attending physician for examination, notifying the commission in writing of such intention to leave, accompanying such notice with a certificate from the attending physician, setting forth the exact nature of the injury, the condition of the employé, together with a statement of the probable length of time disability will continue. After complying with the requirements herein set forth and upon written consent of the commission, the employé may leave the locality in which he or she has been employed, otherwise no compensation will be allowed during such absence from the locality in which he or she has been employed."

Plaintiff's counsel vigorously assail the findings and conclusions of the commission, and further insist that it was without power or authority to adopt rule 19. They contend, however, that if it be conceded that the commission possessed such power, yet said rule is unreasonable, and for that reason the rule is without force or effect. Without pausing now to point out the particular powers that are conferred on the commission with regard to adopting and promulgating rules and regulations, we are clearly of the opinion that the commission has ample power to promulgate all reasonable rules and regulations for the protection of those who are injured, and also to protect the rights of the employer, and that of the insurance carrier, and may safeguard the state insurance fund. The rules that are promulgated, however, must be reasonable, and must conform to the spirit of the Compensation Act (Laws 1917, chapter 100, as amended by Laws 1919, chapter 63).

In view of its decision and the evidence, which is certified to this court by the commission, the only question we can consider here is the reasonableness of rule 19.

It will be observed that according to the provisions of rule 19 the employé is permitted to leave the locality in which he was employed only after he has complied with those requirements, "and upon the written consent of the commission, * * * otherwise no compensation will be allowed during * * * the absence of the employé from the locality in which he has been employed." The rule is absolute and

inflexible to the effect that if the employé leave the locality
of his employment without complying with its requirements
and without the written consent of the commission "no com-
pensation will be allowed during" such absence. The em-
ployé thus forfeits all compensation regardless of the cause
which may have induced or required him to leave the locality
of his employment. It will also be observed that the for-
feiture is imposed without giving him a hearing so far as
the rule is concerned. As a matter of course, if the commis-
sion may forfeit all compensation merely because the rule
is disregarded, no hearing is necessary. We are of the opin-
ion, however, that the commission may not forfeit any part
of the compensation which is allowed by our statute,
except after notice and hearing and for good cause.    2
No doubt the rule in its general tenor and effect is
proper and salutary. In view that the employer under the
statute is required to compensate the injured employé during
his entire disability and the commission in all cases is re-
quired to determine and fix the period of disability, it is but
just and fair, even necessary, that the employé shall comply
with all reasonable rules and regulations which are intended
to protect the employer, the insurance carrier, and the state
insurance fund against spurious or fanciful claims on the
part of the employé and that the employé remain within the
reach of the commission at all times during his disability.
It is a matter known to all, however, that an employé, like
many other persons, may suddenly be called on to leave
the locality of his employment upon a call from his home in
case of serious illness or death of one of his family or kins-
man, or for some other unavoidable reason, and in order to
respond to the call effectually it may be utterly impossible
to first obtain the written consent of the commission, or even
make a report to the attending physician on account of his
absence or for some other reason. Under the rule as it is
written, however, and as it is applied in this case, a forfeiture
would result whether the employé had left the locality with
or without cause. Such a rule, in our judgment, is contrary
to the spirit of the Compensation Act, for the reason that its

enforcement under certain circumstances must result in forfeiting compensation which may be justly due to the employé.

We also unhesitatingly state that in case the employé leaves the locality of his employment the burden should be cast upon him to show why his absence has not prejudiced his employer, or the insurance carrier, or the state insurance fund, as the case may be, and that such absence did not prolong the period of his disability. In case he has violated the rule, the burden of proof and the duty to explain should be on him, and unless he satifies the commission that his absence without its consent has in no way resulted in prejudicing the employer, insurance carrier, or the state insurance fund, the commission should deny him compensation for such period as may be just and proper in view of the established facts. A forfeiture should, however, not be declared without giving the employé a hearing if he desires to be heard. Upon such a hearing he may produce the most cogent reasons, as before suggested, why he did not and could not comply with the rule. If the commission is convinced that by his absence the period of disability was not materially increased and the final recovery of the employé retarded, justice demands that no part of his compensation be forfeited.

Neither do we dispute the contention of counsel for the coal company that in case an employé violates a rule or disobeys the orders of the attending physician, or otherwise arbitrarily refuses to co-operate with those in attendance upon him the award or compensation should cover only such a period of incapacity or disability as would usually and ordinarily result from the character of the injury received by the employé. These things are discussed in 1 Honnold, Workmen's Compensation, section 134, under the heading of "Aggravation of Injury after Accidents." What we contend for here is not that the employé shall not comply with the rules of the commission, or that he may refuse to obey the orders of the attending physician, or that he may be guilty of such conduct as will tend to increase or prolong his period of disability, but what we insist upon and

what we hold is that rule 19, if literally enforced, must necessarily result in forfeiting compensation without giving the injured employé an opportunity to explain or to prove that his conduct was not willful or contumacious or that he willfully violated any rule, or that it did not prolong his disability. In 1 Honnold, Workmen's Compensation, section 188, at page 680, the author, in discussing the duties of injured employés, says:

"Compensation is not payable for such portion of the illness as is due to the injured employé's own actions, aggravating his disability. *But, in justice to the patient, the commission will require the fact of insubordination, lack of co-operation with the physician, or reprehensible conduct to be clearly established before it will sanction the cutting off of the treatment and the compensation payments allowed by law.*" (Italics ours.)

That is precisely what we insist upon here. If rule 19 made provision for a hearing in which the employé would be permitted to explain the cause of his absence or to prove that it in no way increased the period of disability, and the commission should find against him, and there were any substantial evidence in support of the finding, we should not interfere. That is not the question here, however. Under rule 19 as written the commission may forfeit all compensation which accrues after the employé has left the locality of his employment without any hearing whatever, and for the sole reason that he has left the locality, whether for good cause or for no cause, or whether it has affected in any way his disability or not. That is the precise construction that the commission has placed upon the rule, as is manifest from its decision. A rule having such an effect is, in our judgment, clearly and necessarily, not only unreasonable, but is contrary to the spirit of the Compensation Act, since it may be applied so as to cause the employé to forfeit a substantial part of his compensation without an adequate or any cause.

By what we have said we do not wish to be understood as holding that the commission in this case, in denying plaintiff additional compensation, when the facts are ascertained, may not be correct. It may well be that the plaintiff is not entitled to additional compensation both because his disabil-

Certiorari.   Decision Annulled

ity did not extend beyond that time and because he, without cause, has refused to obey the orders of the attending physician and the rules of the commission, and has thereby either increased or prolonged his disability, or has brought about conditions such that the fact cannot be established to the satisfaction of the commission.  The commission should, however, hear the evidence, and then find the facts, so that in case the employé contends that there is no substantial evidence justifying the findings of the commission, he may have the same reviewed as in other cases.

There is nothing in plaintiff's contention that in view that he had no knowledge of rule 19 therefore he is not bound thereby.  It would be strange doctrine indeed if it were held that one may invoke the aid of a court, board, tribunal, or commission, and yet need not take notice of the rules and regulations governing the subject-matter of his application, and that he is not required to conform thereto, and is not bound thereby.  When plaintiff made application for compensation to the commission he was bound to take notice of its rules and regulations affecting that application.  In view, however, that pursuant to the provision of rule 19 the commission, without cause, other than the naked fact that plaintiff had left the locality of his employment, has forfeited all compensation accruing after he so left such locality without the written consent of the commission, that portion of rule 19 is held unreasonable and contrary to the spirit of the Compensation Act, and hence not enforceable.

The decision of the commission, denying plaintiff compensation after he left the locality of his employment, is therefore set aside and annulled, and the cause is remanded to the commission, with directions to hear evidence, if any is offered upon that subject, and make findings in accordance with the evidence, and upon such findings base its conclusion whether under the evidence the plaintiff is or is not entitled to additional compensation; and to amend rule 19 so as to make it conform to the views herein expressed. Plaintiff to recover costs.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.